# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA R. SELIGMAN and BRIAN TOMACKA,<br><br>                              Plaintiff,<br>    vs.<br><br>ERINN HART, et al.,<br><br>                             Defendants. | CASE NO. 12cv3067-LAB (BGS)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER DISMISSING COMPLAINT** |

On December 27, 2012, Plaintiffs Nina Seligman and Brian Tomacka filed their complaint along with Nina Seligman's motion to proceed *in forma pauperis* (the "IFP Motion").

The verified complaint alleges Seligman and Tomacka are the parents of two minor children. A dispute over the welfare and custody of these children appears to be at the heart of Plaintiffs' claims. The IFP Motion was submitted and is signed by Seligman only, and contains no information about Tomacka or his finances. This leaves open the obvious possibility that Tomacka, the other Plaintiff, has resources to pay the filing fee, or to give security for it. *See Darden v. Indymac Bancorp, Inc.*, 2009 WL 5206637 at *1 (E.D.Cal. Dec. 23, 2009) ("Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee.") The IFP Motion is therefore **DENIED**.

1  Even assuming Tomacka files his own meritorious IFP motion, the Court would be
2  required to screen it pursuant to 28 U.S.C. § 1915(e)(2)(B), and to dismiss it to the extent
3  it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune
4  defendant. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In addition, the Court
5  is under a continuing obligation to examine its own jurisdiction, *sua sponte* if necessary, and
6  to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*,
7  631 F.3d 939, 954 (9th Cir. 2011) (en banc). In the interests of efficiency, the Court will
8  screen the original complaint now.

9  The complaint brings claims under 42 U.S.C. §§ 1983, 1985(3), and 1988 for alleged
10 violations of Plaintiffs' First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights, as well
11 as supplemental state law claims for negligence, malicious prosecution, intentional infliction
12 of emotional distress, and "Recklessly Detaining Victims Without Lawful Authority." Damages
13 are the only relief sought in the prayer for relief.[1]  The parties are not diverse, so the only
14 possible source of jurisdiction is federal question jurisdiction.

15 The Complaint's § 1988 cannot succeed, because this section does not give rise to
16 a right of action. *See Moor v. Cnty. of Alameda*, 411 U.S. 693, 702 (1973). Section 1985(3)
17 deals with conspiracies to deprive individuals of their civil rights, and the Complaint does not
18 sufficiently allege facts showing that Defendants conspired together to Plaintiffs of any
19 constitutionally-protected rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (setting
20 forth pleading standard). *See also Marsh v. Brown*, 2013 WL 57698, slip op. at *7 (E.D.Cal.,
21 Jan. 4, 2013) (plaintiff's allegation that all defendants conspired together to violate his civil
22 / / /

---

26 [1] The Complaint also asks the Court to review California's Welfare and Institutions Codes, §§ 300 *et seq.*, and to declare them unconstitutional. (Compl., ¶¶ 38–42.) This might
27 be a request for declaratory relief. But it is clear the Court lacks jurisdiction to issue advisory opinions of this kind. *See Princeton University v. Schmid*, 455 U.S. 100, 102 (1982) (citing
28 *Sierra Club v. Morton*, 405 U.S. 727, 731–32 (1972); *Flast v. Cohen*, 392 U.S. 83, 9 (1968)).

rights was insufficient to satisfy *Iqbal* standard).[2] The only possible federal claims, therefore, would arise under § 1983.

Of the six Defendants, four are natural persons: Erinn Hart, Flor Beyer, Laura Zetmeir, and Juvenile Dependency Judge Elias. The other two are the Superior Court of California for the County of San Diego, and the State of California.

The State of California, like all states, enjoys sovereign immunity as well as Eleventh Amendment immunity for suits in federal court from monetary damages. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (sovereign immunity); *Leer v. Murphy,* 844 F.2d 628, 631 (9th Cir. 1988) (citing I, 440 U.S. 332 (1979) (Eleventh Amendment). The Superior Court is likewise entitled to immunity. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir.1995) (per curiam) (municipal courts are arms of the state entitled to Eleventh Amendment immunity).

Of the individual Defendants, all are alleged to have been acting under color of state law. Although the Court liberally construes *pro se* complaints, particularly those bringing civil rights claims, *Hebbe v. Pliler*, 627 F.3d 338, 342 & n. 7 (9th Cir .2010), the Court does not accept legal conclusions cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 599 F.3d 1061, 1071 (9th Cir. 2009). All four individual Defendants are alleged to be county or state employees, but the only one whose job or office is identified is Judge Elias.

The complaint alleges all Defendants committed a variety of acts, including following and stalking Plaintiffs (Compl., ¶ 14), capturing them (*id.*, ¶ 15), confining their dog in a mobile home where it defecated and broke all the windows (*id.*), ransacked the mobile home (*id.*, ¶ 16), physically restrained Plaintiffs during the search (*id.*), accused Plaintiffs of being under the influence of drugs (*id.*), later falsely accused Plaintiffs of crimes and kidnapped

---

[2] A further difficulty for Plaintiffs is that *Iqbal* requires the factual allegations to be plausible. The Complaint's blanket conspiracy allegations, as pleaded here, are implausible because two of the alleged conspirators are not even natural persons, and are therefore incapable of conspiring except through their agents, officers, or employees. *See, e.g., United States v. Graf*, 610 F.3d 1148, 1156 (2010) (noting that inanimate entities can only speak and act through their agents). In other words, in the situation here, the individual Defendants could not have conspired with the state or with a court.

their children (*id.*, ¶ 17), somehow failed to protect Plaintiffs or their children from harm (*id.*, ¶¶ 19–21), committing various acts of malfeasance (*id.*, ¶ 23), conspired to harm Plaintiffs because of their Jewish and Native American ethnicity (*id.*, ¶ 24), made false statements that caused Plaintiffs to be arrested (*id.*, ¶ 26), and caused a wrongful prosecution against Plaintiffs to be initiated. (*il.*, ¶¶ 29–32).

As pleaded, the Complaint does not show how any of these Defendants acted under color of state law. "An individual acts under color of law when he exercises power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Hechavarria v. City & County of San Francisco*, 463 Fed. Appx. 632, 633 (9th Cir. 2011) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)) (holding that off-duty parking control officer who assaulted plaintiff over allegations of adultery was not acting under color of state law). Applying that rule to this situation, for example, a person need not be a state officer or exercising state power in order to ransack someone's trailer, lock their dog up, accuse them of being under the influence of drugs, or lie about them to prosecutors. While it is possible to wield state power while doing these things, the Complaint does not allege how and why Defendants were able to do the things they did, and what role their offices or authority played.

This defect is not easily remedied, particularly in Judge Elias' case. Plaintiffs would have to include allegations showing how Judge Elias was acting within his official capacity, but not acting in his judicial capacity. *See Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (judges are absolutely immune from liability for damages for judicial acts, however erroneous or injurious). *Cf. Forrester v. White*, 484 U.S. 219, 225–29 (1988) (judge was not absolutely immune from liability for actions taken in official but non-judicial capacity). Elsewhere, the Complaint hints that one or more of the other Defendants might have been acting as prosecutors, or carrying out Judge Elias' orders, which would cloak them as well with absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutorial immunity); *Tamas v. Dept. of Social & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010)

(noting absolute immunity of social workers when performing quasi-prosecutorial and quasi-judicial functions such as execution of courts' orders).

Furthermore, although the Complaint's allegations are somewhat incomplete, it appears Plaintiffs may be challenging a state court child custody decision. The *Rooker-Feldman* doctrine bars *de facto* appeals from state court judgments. *See Gomez v. San Diego Family Court*, 388 Fed.Appx. 685 (9th Cir. 2010). This means that constitutional claims that are "inextricably intertwined" with prior state court decisions may not be brought in this Court, nor may this Court entertain constitutional challenges to an earlier state court decision. *Id*. (citing *Noel v. Hall*, 341 F.3d 1148, 1154, 1158 (9th Cir. 2003); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 n.4 (9th Cir. 2003)).

Finally, it appears equally possible Plaintiffs are currently engaged in ongoing custody litigation in state court, and are asking this Court to enjoin it or interfere with it in some way. The Court has no power to do this. The Anti-Injunction Act, 28 U.S.C. § 2283, forbids federal courts (with exceptions not applicable here) from enjoining state court proceedings.

For these reasons, the Complaint is **DISMISSED WITHOUT PREJUDICE**. If Plaintiffs believe they can amend their complaint to correct the defects this order has identified, they may file an amended complaint no later than **January 31, 2013.** But they must also either pay the filing fee, or file a new and complete motion to proceed IFP, or their amended complaint will be dismissed as well. If Plaintiffs do not wish to amend, or do not think they can successfully amend their complaint, they need not do anything, and this action will be dismissed.

**IT IS SO ORDERED**.

DATED:  January 12, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge